14-3773-cv
Groudine v. Albany Medical Center Group Health Insurance Plan

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand fifteen.

PRESENT: JOHN M. WALKER, JR.,
         DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
Scott Groudine, M.D.,
         Plaintiff-Appellant,

         -v.-                                              14-3773-cv

Albany Medical Center Group Health
Insurance Plan,
         Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            LISA S. KANTOR (Peter S.
                          Sessions, on the brief), Kantor
                          & Kantor LLP, Northridge,
                          California.

FOR APPELLEES:            MICHAEL D. BILLOK (Nicholas J.
                          D'Ambrosio, Jr., on the brief),

1

Bond, Schoeneck & King, PLLC,
Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff Scott Groudine, M.D. ("Plaintiff") appeals from the judgment of the United States District Court for the Northern District of New York (Mordue, J.), granting summary judgment in favor of defendant-appellee Albany Medical Center Group Health Insurance Plan (the "Plan").[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.   We review the district court's grant of summary judgment de novo and apply the same legal standard as the district court. Hobson v. Metro. Life Ins. Co., 574 F.3d 75, 82 (2d Cir. 2009).  A challenge to the denial of benefits by an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132, is reviewed under an arbitrary and capricious standard if the benefit plan gives the plan administrator discretion to determine benefits eligibility or to construe the terms of the plan; otherwise, the denial is reviewed de novo. Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441 (2d Cir. 1995).  The district court held that the denial of benefits for the treatment of Plaintiff's daughter, L. Groudine, at Laurel Hill Inn Residential Treatment Program ("Laurel Hill") was appropriate under either standard.  It therefore did not determine whether the Plan delegated discretionary authority to determine benefits eligibility to administrative subcontractor ValueOptions, Inc. ("ValueOptions").  We agree.

---

[1] The district court also denied Plaintiff's cross-motion for summary judgment and Plaintiff's motion to strike certain evidence submitted by the Plan.  Plaintiff does not challenge these rulings.  Nor does Plaintiff challenge the district court's grant of summary judgment on his cause of action for equitable relief.

2

2.  Residential care is clearly excluded from coverage under the Summary Plan Description; partial hospitalization is covered, subject to conditions.  Plaintiff has failed to raise any material issue of fact as to whether L. Groudine received partial hospitalization treatment while she was admitted to Laurel Hill; all of the evidence the parties have put before the Court supports solely the conclusion that she did not.

The program itself is termed the "Residential Treatment Program," J.A. 680, and Laurel Hill's first billing statement billed its services as "residential treatment," J.A. 118.  Plaintiff has come forward with no evidence that supports his contention that residential treatment is merely a subset of partial hospitalization, as opposed to something different in kind.  The parties variously cite the Summary Plan Description, Regan Declaration, ValueOptions Provider Handbook, Laurel Hill Inn Residential Treatment Program description, and Medicare regulations; all require the conclusion that these are different types of treatment, and that L. Groudine received residential care at Laurel Hill.[2]  Plaintiff has provided no evidence to the contrary.  Accordingly, the district court was correct to grant summary judgment on Plaintiff's claim to recover the amount of benefits denied for L. Groudine's treatment at Laurel Hill.

3.  Plaintiff has raised no dispute of material fact as to whether he was entitled to additional reimbursement for L. Groudine's partial hospitalization treatment at Oliver Pyatt Center.  The Plan has submitted evidence establishing that the amount Plaintiff was reimbursed *exceeded* the maximum possible reimbursement under the "usual, customary and reasonable" ("UCR") formula that Plaintiff contends the Plan should have used to determine his benefits.

---

[2] Our consideration of the Regan Declaration and ValueOptions Provider Handbook does not mean that we have determined ValueOptions' determination to be deserving of deference.  See Appellant's Reply Br. at 8.  Plaintiff himself cites to the descriptions set forth in the ValueOptions Provider Handbook as evidence of the meaning of the two types of treatment, Appellant's Opening Br. at 19; Appellant's Reply Br. at 9, so we consider them along with the other evidence in the record.

Plaintiff contends that the improper billing code was used to determine this UCR reimbursement rate. However, he made no attempt to submit countervailing evidence of a proper code or rate. Plaintiff argues that the Plan's evidence as to the UCR rate should be disregarded because the Plan first submitted the evidence in its reply and opposition to Plaintiff's cross-motion below. However, we agree that the complaint did not give notice that Plaintiff believed the UCR rate should have been used to determine benefits; he first raised this argument in his cross-motion and opposition to the Plan's motion for summary judgment. Moreover, Plaintiff had the opportunity to request permission to submit a reply in support of his cross-motion, see N.D.N.Y. Local Rule 7.1(c); he has offered no reason for his failure to do so, or for his failure to submit evidence of the UCR rate in such a reply or in his cross-motion and opposition.

For the foregoing reasons, and finding no merit in Plaintiff's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK